# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | |
| ) No._____ | |
| ) | |
| WYATT BUNCH DBA JAYELL RANCH, ) | |
| BUNCH ENTERPRISES, LLC, ) | |
| JAYELL PROPERTIES, LLC ) | |
| ELAINE HANLIN, AND ) | |
| ROGER HANLIN ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel of record, and brings this action against Defendants Wyatt Bunch d/b/a Jayell Ranch ("Bunch"), Bunch Enterprises, LLC ("Bunch Enterprises"), Jayell Properties, LLC ("Jayell Properties"), Elaine Hanlin, and Roger Hanlin (collectively the "Hanlins") (collectively "Defendants"). Nautilus seeks a declaratory judgment that it has no duty to defend or indemnify any party in connection with a lawsuit styled *Elaine Hanlin and Roger Hanlin vs. Jayell Ranch, et al.* and pending as civil action case no. 15-cv-380-I in the Circuit Court

for Sevier County, Tennessee ("*Hanlin* lawsuit"). Nautilus respectfully alleges upon information and belief as follows:

## PARTIES

1. At all pertinent times, Nautilus was, and still is, a corporation organized and existing under the laws of Arizona with its principal place of business in the State of Arizona.

2. Wyatt Bunch d/b/a Jayell Ranch ("Bunch") is a natural person domiciled and residing in Tennessee, and doing business as Jayell Ranch. He can be served at 1131 Jayell Road, Sevierville Tennessee 37862.

3. At all pertinent times, Bunch Enterprises, LLC ("Bunch Enterprises") was, and still is, a corporation organized and existing under the laws of Tennessee with its principal place of business in Tennessee. It can be served through its registered agent, Wyatt Bunch, at 1131 Jayell Road, Sevierville Tennessee 37862.

4. At all pertinent times Jayell Properties, LLC ("Jayell Properties") was, and still is, a limited liability corporation organized and existing under the laws of Tennessee with its principal place of business in Tennessee. It can be served through its registered agent, Kent Merritt, at 2102 Hornbuckle Lane, Sevierville Tennessee 37876.

2

Case 3:17-cv-00353-TRM-CCS   Document 1   Filed 08/11/17   Page 2 of 10   PageID #: 2
PD.22007377.1

5. Elaine Hanlin is a natural person domiciled and residing in Tennessee. She can be served at 2 Lakecrest Cove, Milan, Tennessee 38358.

6. Roger Hanlin is a natural person domiciled and residing in Tennessee. He can be served at 2 Lakecrest Cove, Milan, Tennessee 38358.

## NATURE OF THE CLAIM

7. This is an action for declaratory relief to determine an actual case and controversy between Nautilus and Defendants regarding the parties' respective obligations under policies of insurance issued by Nautilus to Wyatt Bunch d/b/a Jayell Ranch (the "Policy").

8. Nautilus seeks a judgment declaring that it has no duty to defend or indemnify any party in connection with the *Hanlin* lawsuit.

## JURISDICTION AND VENUE

9. There is complete diversity of citizenship between Nautilus, which is a citizen of Arizona, and Defendants. Bunch, Bunch Enterprises, Jayell Properties, and the Hanlins are all citizens of Tennessee.

10. The amount in controversy exceeds $75,000.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

12. There is an actual case or controversy with respect to Nautilus's coverage obligations, if any, pursuant to the Policy, which was delivered in Sevier County, within the Knoxville Division of the Eastern District of Tennessee.

13. All Defendants are subject to the personal jurisdiction of this Court.

14. Venue is proper in the Knoxville Division of the Eastern District of Tennessee, where Bunch, Bunch Enterprises, and Jayell Properties reside and are domiciled, and all Defendants are residents of Tennessee. 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND AND THE POLICIES

The *Hanlin* Lawsuit

15. Elaine and Roger Hanlin have asserted claims against Bunch, Bunch Enterprises, and Jayell Properties arising out of injuries sustained by Elaine Hanlin allegedly as result of a zip line accident occurring on or about June 23, 2014. A true and correct copy of the Hanlins' Complaint for Damages is attached hereto as Exhibit "A."

16. According to the Hanlins' Complaint, Elaine Hanlin has allegedly suffered severe and permanent injuries, and required the care of medical specialists, extensive hospitalization, and home health care. The Hanlins further claim that she has suffered a loss of earning capacity, pain and suffering, and loss of enjoyment of life. Roger Hanlin alleges the loss of consortium, services and

society of his wife. Both Hanlins seek compensatory damages, and Elaine Hanlin seeks additional punitive damages. *See,* Exhibit A at "Wherefore" Paragraph.

<u>The Policy</u>

17. Nautilus issued Policy No. NN342450 (the "Policy") to Wyatt Bunch d/b/a Jayell Ranch at 1131 Jayell Road, Sevierville Tennessee 37862 for the period of August 21, 2013 to August 21, 2014. A true and complete copy of the Policy is attached hereto as Exhibit "B."

18. The Policy provides that "no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."

19. Bunch Enterprises and Jayell Properties are limited liability companies, and neither is listed as a named insured in the declarations.

20. Bunch Enterprises and Jayell Properties are not insureds under the Policy and no coverage is available to those entities on this basis.

21. The Policy is subject to a Limitation of Coverage Endorsement, which provides:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:
> (1) Operations designated in the Schedule; and/or

(2)   The premises/project shown in the Schedule.

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any operations other than those designated in the Schedule.

22. The Policy's Commercial General Liability Coverage Part Declarations classifies the named insured's Business Operations as "Animals – Saddle – For Rent" and "Riding Academies." *See,* Exhibit B at Commercial General Liability Coverage Part Declarations (Form No. S150 (07/09)) Business Description and Location of Premises, Classification.

23. The Policy does not cover the claims asserted in the *Hanlin* lawsuit because those claims arise out of a zip line accident and not a designated operation under the Policy.

24. On his application for insurance, Bunch described his business operations as "Riding Academy." A true and complete copy of Wyatt Bunch's Application (Acord Form No. 125 (2007/10)) is attached hereto as Exhibit "C." See, Exhibit C at Page 1 of 3, Nature of Business/Description of Operations by Premise(s).

25. Bunch never disclosed that his business engaged in zip line operations.

26. The existence of zip line operations materially increased the risk of insuring Bunch's business.

27. As a result of Bunch's misrepresentation or omission, Nautilus was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability.

28. Nautilus therefore is relieved of any obligation under the Policy to defend or indemnify Bunch in connection with the *Hanlin* lawsuit based on Bunch's material misrepresentation.

29. Nautilus further is entitled to rescission of the Policy based on Bunch's material misrepresentation.

30. The Policy is subject to a Punitive or Exemplary Damages Exclusion Endorsement, which provides that "[t]his insurance does not apply to punitive or exemplary damages."

31. The Policy does not cover the punitive damages sought in the *Hanlin* lawsuit.

## DECLARATORY RELIEF

32. Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

33. There is an actual, present, and existing controversy between Nautilus and Defendants regarding Nautilus's defense and indemnity obligations under the Policy in connection with the *Hanlin* lawsuit.

34. Nautilus seeks a judicial determination of the parties' rights and duties under their respective policies. This Honorable Court's declaration will confer certainty on the parties and serve the interests of justice.

35. Specifically, Nautilus pleads that it has no duty to defend and indemnify any party in connection with the *Hanlin* lawsuit. Alternatively Nautilus pleads that it is entitled to rescission of the Policy. As a further alternative, Nautilus pleads that it has no duty to indemnify any party for the punitive damages sought in the *Hanlin* lawsuit.

36. In addition to the foregoing provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policy (whether or not expressly mentioned or identified in this Complaint), which also may be found to be applicable as Nautilus's investigation of this matter continues, and reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**WHEREFORE**, Nautilus prays:

A. That process be issued as required by law and the Defendants be served with copies of the Summons and Petition for Declaratory Judgment;

B. For a declaration by this Honorable Court declaring the rights and obligations of the parties under the Policy, including, but not limited to, a judgment that Nautilus has the no duty to defend and indemnify any party in connection with the *Hanlin* lawsuit;

C. Alternatively, for a declaration by this Honorable Court declaring that Nautilus is entitled to immediately rescind the Policy of insurance described herein.

D. As a further alternative, for a declaration by this Honorable Court declaring that the punitive damages sought in the *Hanlin* lawsuit are excluded from coverage under the Policy's Punitive Damages Exclusion Endorsement.

E. For a trial by jury; and

F. For such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of August, 2017.

EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.


By: */s/ Reuben N. Pelot, IV*
    **REUBEN N. PELOT, IV, ESQ., BPR#014986**
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    Knoxville, TN 37902
    (865) 546-0500
    rpelot@emlaw.com
    *Counsel for Plaintiff Nautilus Insurance Company*